**In re Gordon Leslie MacDONALD, Debtor.**

**Michael L. DISCENZA, Trustee, For Marjo Realty Trust, Plaintiff,**

v.

**Gordon L. MacDONALD and Lucille R. MacDonald, Defendants.**

**Bankruptcy No. 4–82–00252–G. Adv. No. 4–82–0172.**

United States Bankruptcy Court, D. Massachusetts.

June 20, 1985.

Philip R. Smith, Scharoff, Smith & Murray P.C., Westfield, Mass., for plaintiff.

Peter M. Stern, Cohen, Rosenthal, Price, Mirkin, Jennings & Berg, P.C., Springfield, Mass., for defendants.

Michael B. Katz, Bacon, Wilson, Ratner, Cohen, Salvage, Fialky & Fitzgerald, P.C., Springfield, Mass., for trustee.

## MEMORANDUM AND ORDER ON COMPLAINT OF JUDGMENT CREDITOR OBJECTING TO DISCHARGE OF DEBTOR

PAUL W. GLENNON, Bankruptcy Judge.

This matter comes before the Court as an adversary proceeding filed by a judgment creditor against the debtor and his wife 1) to have a transfer of real property voided as fraudulent and 2) to deny the debtor his discharge for having made that fraudulent transfer and, alternatively, for having made a false oath.

### FACTS

Debtor, Gordon L. MacDonald ("debtor") filed a voluntary petition in bankruptcy on April 5, 1982. The transfer, on June 17, 1981, to his wife, Lucille R. MacDonald, of the debtor's interest in their residence, held by the MacDonalds as tenants by the entirety, gave rise to the filing on May 29, 1982 of a complaint against the MacDonalds by Michael L. Discenza ("Discenza" or "judgment creditor"), trustee for judgment creditor Marjo Realty Trust. Discenza's complaint charges that the transfer should be voided as fraudulent under § 548(a) [1] and § 544(b) [2] of the Bankruptcy

---

**1.** § 548 provides, in relevant part:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

---

**2.** See note 2 on page 257.

Code and that the debtor should be denied his discharge under § 727(a)(2) of the Bankruptcy Code for transferring that property "with intent to hinder, delay or defraud a creditor." 11 U.S.C. § 727(a)(2). Discenza's complaint additionally charges that the debtor should be denied his discharge under § 727(a)(4) of the Bankruptcy Code for having knowingly and fraudulently made a false oath. Said false oath is asserted by Discenza to be the debtor's certification of his April 5, 1982 schedules as true and correct when, in fact, they contained the following errors:

1. Schedule A–3 did not list the judgment entered on January 5, 1982 for judgment creditor Discenza; and

2. Schedule B–2 omitted any reference to ownership of a 1978 Lincoln Mark V.

The debtor and his wife took title as tenants by the entirety to their residence at 81 Rogers Avenue, West Springfield, Massachusetts by deed dated November 10, 1971. The purchase price in 1971 was $38,000, of which $30,000 was mortgage. A balance of $20,543 remains on the mortgage today. The 1985 assessed value of the property, using a two year old, one hundred percent valuation, is $62,700. As the bankruptcy petition was filed in 1982, that valuation serves as an approximation of the property's worth on the date of the filing. In addition to the mortgage, there is an IRS lien on the residence for $17,263.33 for taxes owed by Gordon MacDonald Associates, Inc.

The debtor, a consulting engineer, worked for various companies until he went into business for himself in 1975. At that time, due to a history of asthma problems, the debtor found the cost of obtaining life insurance coverage to be prohibitive. Insurance had been a benefit which he enjoyed with all his previous employers but which he could not afford when he was his own employer. As an alternative to the insurance as a means of providing for his wife in the future, the debtor contemplated transferring to her his interest in their residence. Although contemplated in 1975, the transfer did not in fact take place until June 17, 1981, and is on record at the Hampden County Registry of Deeds as having been "for no monetary consideration."

The debtor continues to operate his own business today and is incorporated as Mac-Donald, Inc. d/b/a MacDonald Associates. That corporation's federal income tax return lists a 1978 Lincoln Mark V as a corporate vehicle.

From July 2, 1973 to about January 29, 1981 the debtor leased professional offices for his corporation from Discenza at an agreed upon rent. As a result of the debtor's alleged failure to pay the full rent, Discenza filed, on January 29, 1981, a complaint in Westfield District Court demanding judgment against the debtor. On August 17, 1981, Discenza was granted a real estate attachment against real estate of the debtor standing in the name of the debtor's wife. On January 5, 1982, judgment was entered in Westfield District Court against the debtor in the sum of $26,267.27. Execution was issued in the amount of $28,763.47 on January 18, 1982 and on January 21, 1982 a deputy sheriff levied against all the right, title and interest in real estate of

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

2. § 544 provides, in relevant part:

(b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

the debtor and that of the debtor standing in the name of his wife.

Not having the means to satisfy the Discenza judgment, the debtor filed a Chapter 7 bankruptcy petition on April 5, 1982. While the petition was being prepared, the debtor was in the hospital and much of the information used in completing it came from his wife.

Among the documents referred to in completing the petition was an erroneously dated judgment issued by Westfield District Court. That judgment was dated January 5, 1981, a date which indicated that it had not been rendered within the year preceding the filing. Since the judgment did not qualify under the terms of question 10 on the debtor's statement of financial affairs it was not listed there. After discovering the error, the debtor filed a correction by schedule amendment on June 18, 1982, and changed not only the judgment date to January 5, 1982 but made two other schedule corrections as well.

## DISCUSSION

Section 727, in pertinent part, provides: (a) The court shall grant the debtor a discharge, unless—

> (2) The debtor, with intent to hinder, delay, or defraud a creditor ... has transferred ... or has permitted to be transferred ...

> (A) property of the debtor, within one year before the date of the filing of the petition.

3. § 541(a)(1), in pertinent part, provides: "The commencement of a case ... creates an estate ... [which] is comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case."

4. Tenancy by the entirety is currently governed in Massachusetts by a 1979 statute which has been treated as prospective in nature. Chapter 727 of the Acts of 1979 amending Mass.Gen. Laws ch. 209 § 1 may apply only to tenancies created on or after February 11, 1980 with the common law governing those tenancies created before February 11, 1980. Lavien & Mencher, "The Eclipse of Massachusetts Tenancy by the Entirety and a Reappraisal of Homestead as they relate to Bankruptcy," *Mass.L.Rev.* 170, 174 (Winter 1982). For a discussion of the com-

In refusing to grant a debtor his discharge under § 727(a)(2), more than just a preferential transfer must be shown. An actual transfer of the debtor's valuable property must have been made with fraudulent intent so as to reduce the assets available to the creditors. 4 Collier on Bankruptcy, ¶ 727.02[5] at 727–16 to –17 (15th ed. 1985). In order to determine whether the June 17, 1981 transfer actually reduced the assets available to the creditors, the value of the property to the estate must be calculated as if no transfer had occurred.

In this case, the subject property would have become property of the bankrupt estate by reason of § 541(a)(1) of the Bankruptcy Code.[3] The debtor's interest in the tenancy by the entirety would be established by local law, in this case Massachusetts state law,[4] and would be subject to the wife's share in the tenancy by the entirety. As it is the duty of the trustee to collect the property of the estate and to reduce that property to money for the purposes of making a distribution to creditors, the trustee is given the power to partition and sell property by the entirety under § 363(h) of the Bankruptcy Code. Although state law does not permit the tenancy by the entirety to be partitioned, the Bankruptcy Code under the Supremacy Clause would supercede. Lavien & Mencher, supra note 4, at 180. The trustee could sell the estate's interest and the interest of any co-owner in the property provided the exceptions of § 363(h)(1)–(4) are overcome.[5]

monlaw principles of tenancy by the entirety see, *In re Oliver*, 38 B.R. 407, 408–9 (Bankr.D. Mass.1984).

5. § 363(h), in pertinent part, provides:
... the trustee may sell both the estate's interest ... and the interest of any co-owner ... only if—
(1) partition in kind of such property among the estate and such co-owners is impracticable;
(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of co-owners;
(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

A practical solution to valuing the wife's right to survivorship and, thereby, her interest in the tenancy by the entirety is to treat the estate as a tenancy-in-common and give each spouse a one-half interest in the property. In this case, accepting the 1985 valuation of $62,700 as the fair market value, one would subtract the $20,543 due the first mortgagee to arrive at $42,-157, or the interest belonging to the debtor and his wife jointly, and then divide that figure in half to arrive at $21,078.50, or the interest that each holds in the property. The debtor's $21,078.50 interest is encumbered by an IRS lien for $17,263.33, which leaves a mere $3,815.17 unencumbered to be exempted by the $7500 and $400 federal exemptions granted by § 522(d)(1) and § 522(d)(5), respectively, of the Bankruptcy Code. The debtor's interest in the tenancy by the entirety would, therefore, have been unavailable to the trustee to satisfy the claims of the debtor's creditors had the June 17, 1981 transfer not been made. That transfer could not have been fraudulent as to the debtor's creditors since it did not reduce the assets available to those creditors; consequently, this Court will not deny the debtor a discharge under § 727(a)(2).

As an alternative to a discharge denial under § 727(a)(2), this Court will now evaluate a discharge denial under § 727(a)(4) which states, in pertinent part, that a debtor who "knowingly and fraudulently ... made a false oath or account," in or in connection with the case, is to be denied a discharge.

■ The purpose of § 727(a)(4)(A) of the Bankruptcy Code is to provide the administrators of the debtor's estate with reliable information without the need for exhaustive investigations. *In re Diodati*, 9 B.R. 804, 807 (Bankr.D.Mass.1981); *In re Tabibian*, 289 F.2d 793, 797 (2nd Cir.1961). Since the trustee and creditors are entitled to know what property has passed through the debtor's hands during the period prior to the bankruptcy, *In re Gonday*, 27 B.R.

428, 432 (Bankr.M.D.La.1983), and the debtor has no inherent right to a discharge, *Id.*, his cooperation is impelled by § 727(a)(4)(A)'s sanction for dishonesty.

■ The discharge denial of § 727(a)(4)(A) cannot be imposed, however, where the false statement was created by a simple mistake or inadvertance. *Avallone v. Gross*, 309 F.2d 60, 61 (2nd Cir.1962). Rather, the debtor must have willfully made a false statement with the intent to defraud his creditors. *In re Gonday*, 27 B.R. at 433. The requisite intent to defraud can be supplied by the cumulative effect of a series of innocent mistakes which evidence "a pattern of reckless and cavalier disregard for the truth." *Id.* at 433, citing *In re Diodati*, 9 B.R. 804 (Bankr.D.Mass.1981). Although haste may excuse numerous inaccuracies, "no carelessness could excuse the debtor's failure to amend his papers promptly when he had the leisure to do so." *In re Gonday, supra.*

■ At trial, the debtor testified that the bankruptcy petition had been prepared by his attorney and his wife at a time when he was hospitalized. He did sign the petition but was unaware at that time that it contained several inaccuracies. All inaccuracies have since been corrected by amendment.

The debtor's failure to list the Discenza judgment on his schedules as having been rendered within the year prior to filing is an excusable error since the judgment referred to in preparing the debtor's petition was erroneously dated 1981 by the issuing court. The debtor's failure to list a 1978 Lincoln Mark V as an asset is clearly due to the fact that the debtor does not own the vehicle. It is owned, rather, by Gordon MacDonald Associates, Inc. With respect to the suit filed against the debtor by an architectural firm, there had been no trial prior to the filing and the case was, therefore, not listed in the petition until the amendment. The debtor estimates, more-

---

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

over, that rather than owing them money, they owe him approximately $600.

The only other error corrected by amendment was the transfer to his wife of the property interest which he held in their residence. As stated earlier, that transfer could not have been made with fraudulent intent as the creditors did not suffer any loss by the transfer. In total, the few minor errors in the debtor's petition do not reach the level of "reckless and cavalier disregard for the truth." *In re Gonday*, 27 B.R. at 433. Rather they are few in number and insignificant in effect, were corrected by amendment, and do not justify a discharge denial under § 727(a)(4) of the Code.

### ORDER

In accordance with the above, the debtor's transfer to his wife of his interest in their residence is found not to be fraudulent and the debtor's discharge is not denied either under § 727(a)(2) or § 727(a)(4).