**In re Michael Dean CLAWSON a/k/a Mike Clawson, Debtor.**

**James N. KALVIN, Plaintiff,**

v.

**Michael Dean CLAWSON, Defendant.**

Bankruptcy No. 89–4864–9P7.

Adv. No. 89–491.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Sept. 26, 1990.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration involves a challenge to the Debtor's right to a general bankruptcy discharge. The Amended Complaint, filed by the Plaintiff, James N. Kalvin, seeks the entry of an order denying the Debtor's right to a general discharge pursuant to § 727(a) of the Bankruptcy Code.

The facts relevant to a resolution of this controversy as established at the final evidentiary hearing are as follows:

The Debtor filed his voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on July 11, 1989. Along with this Petition, the Debtor filed his Statement of Financial Affairs and Schedules, both which were signed by the Debtor under penalty of perjury. The Statement and Schedules did not include several assets which the Debtor admitted at the final evi-

dentiary hearing that he owned or had an interest in at the time he filed his Petition.

At the final evidentiary hearing, the Debtor admitted that he had an interest in a life insurance policy; however, he failed to disclose this interest on his Schedules. The Debtor indicated on his Statement of Financial Affairs that he had no income for the two years preceding the filing of his Petition; however, his 1988 tax return indicated that he earned $3,413.17 in income. (Plaintiff's Exh. No. 4). The Debtor also represented on his Statement and Schedules that he had only one bank account within the two years prior to filing his Petition; however, the evidence shows that the Debtor had another joint bank account with his wife which had a balance of $452.86 on the date the Petition was filed. (Plaintiff's Exh. No. 11). On the Statement and Schedules, the Debtor indicated that he did not receive a tax refund the year preceding the filing; however, the Debtor later admitted that he and his wife received a tax refund in the amount of $2,134.00 in May, 1989. (Plaintiff's Exh. No. 11).

The Debtor also failed to disclose on his Schedules an interest in some personal property. For instance, the Debtor, a mechanic by trade, failed to disclose on his Schedules that he owned a substantial collection of tools. After he corrected his Statements and Schedules, he indicated that the value of "lawnmowers and tools" was $150.00. This Court is satisfied that the Debtor grossly undervalued these tools on the amended Schedules. It should also be noted that on a Statement of Assets and Liabilities submitted to Barnett Bank in October, 1986, the Debtor listed the value of these tools at $3,000.00. (Plaintiff's Exh. No. 5). The Debtor also failed to list any personal property on his original Schedules, and on his amended Schedules, he listed only a few household furnishings. However, at the final evidentiary hearing, the Debtor also admitted that he owned or had an interest in many more furnishings and appliances than he listed. Finally, at the final evidentiary hearing, the Debtor also admitted that he was holding both a shotgun and a freezer for his father, however, he failed to list these on either his original Schedules or his amended Schedules.

Based on the foregoing facts, it is the Plaintiff's contention that the Debtor has committed a false oath in bankruptcy and is not entitled to a discharge by virtue of § 727(a)(4)(A). Section 727 of the Bankruptcy Code provides in pertinent part:

§ 727. Discharge

(a) The court shall grant the debtor a discharge unless ...

(4) The debtor knowing and fraudulently, or in connection with the case—

(A) made a false oath or account.

■ Under § 727 of the Bankruptcy Code, the objecting party has the burden to prove by clear and convincing evidence that the Debtor should be denied a discharge. Bankruptcy Rule 4005; *In re Bernstein,* 78 B.R. 619 (S.D.Fla.1987). Further, complaints under § 727 of the Bankruptcy Code are to be construed strictly against the creditor and liberally in favor of the debtor. *In re Greenwalt,* 48 B.R. 804 (Bankr.D.Colo.1985).

■ The purpose of § 727(a)(4)(A) of the Bankruptcy Code is to provide the trustees and creditors with reliable information. *In re MacDonald,* 50 B.R. 255 (Bankr.Mass. 1985); *In re Cutignola,* 87 B.R. 702 (Bankr.M.D.Fla.1988). In order to deny a debtor a discharge, the false oath must be intentional and with regard to a matter material to the case, or in a manner evidencing a reckless and cavalier disregard for the truth. *In re MacDonald, supra; In re Ellingson,* 63 B.R. 271 (Bankr.N.D. Iowa 1986). A discharge will not be denied where the untruth was the result of mistake or inadvertence. *In re MacDonald, supra.*

■ A material omission from the debtor's Schedules signed under penalty of perjury may constitute false oath. *In re Bobroff,* 58 B.R. 950 (Bankr.E.D.Pa.1986), *aff'd,* 69 B.R. 295 (1987). While any one of the omissions from the Debtor's Schedules alone probably would not constitute a false oath and may not evidence a fraudulent intent, this Court is satisfied that all of the

omissions together constitute a pattern that demonstrates the Debtor made a false oath with a reckless disregard for the truth concerning matters material to this case.

The Debtor contends his omissions were the result of a mistake or inadvertence. Specifically, he argues that some of the omissions from his original Schedules were due to the advice of his first attorney. However, this Court rejects the Debtor's contention for several reasons. First, the Debtor signed the Statements and Schedules under penalty of perjury and is presumed to have read them. The original Schedules fall far short of providing a true picture of the Debtor's assets and provide only a vague listing of some assets he owned. Second, while the omissions viewed in isolation would not be sufficient to sustain the burden and permit an inference of fraudulent intent, when the total picture is considered the omissions overall were so substantial that this Court is satisfied that the Debtor did, in fact, have a fraudulent intent. Finally, the Debtor did not amend the Schedules until after the Plaintiff filed his Complaint, and even the Schedules as amended failed to correct the numerous omissions.

Based on the foregoing, this Court is satisfied that the Plaintiff has proven his case by clear and convincing evidence, and the Debtor should be denied his discharge pursuant to § 727(a)(4)(A) of the Bankruptcy Code due to the Debtor's commission of false oath and intentional and knowing omissions of assets in his Schedules.

A separate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.