**In re Gar B. HOFLUND, Debtor.**

**Sharon T. SPERLING, as Trustee in Bankruptcy for Gar B. Hoflund, Plaintiff,**

v.

**Gar B. HOFLUND, Defendant.**

**Bankruptcy No. 92–00226.
Adv. No. 92–9067.**

United States Bankruptcy Court, N.D. Florida, Gainesville Division.

Dec. 20, 1993.

880

Sharon T. Sperling, Gainesville, FL, for plaintiff.

J. Michael Davis, Gainesville, FL, for defendant.

Sharon T. Sperling, Gainesville, FL, Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE was heard before the Court upon the complaint of the case trustee, Sharon T. Sperling. The Trustee's complaint recites four counts under which the Trustee asserts Gar B. Hoflund, the debtor, should be denied a discharge. The first count is based on 11 U.S.C. § 727(a)(2) and asserts that the Debtor concealed certain assets of the estate by failing to disclose their existence in his schedules or statement of affairs. The second count is based on 11 U.S.C. § 727(a)(3) and asserts that the Debtor has failed to adequately maintain, preserve and produce sufficient information from which the trustee or an interested party could ascertain the Debtor's financial condition. The third count is based on 11 U.S.C. § 727(a)(4) and asserts the Debtor knowingly and fraudulently made false oaths in connection with the administration of the case and withheld financial records from the trustee. The fourth count is based on 11 U.S.C. § 727(a)(5) and asserts the Debtor has failed to provide a satisfactory explanation of assets or deficiency of assets to meet his liabilities. The Court, having considered the testimony of witnesses, argument of counsel, and reviewed pleadings and related documents submitted in the cause, determines that the Debtor has concealed assets of the estate after the filing of the petition and has knowingly and fraudulently made false oaths in connection with the case, and therefore, a denial of the Debtor's discharge is appropriate pursuant to 11 U.S.C. § 727(a)(2) and 11 U.S.C. § 727(a)(4).

The Debtor, who is a professor of chemical engineering at the University of Florida, filed a bankruptcy petition under Chapter 7 on May 19, 1992. The Debtor's schedules and statement of affairs indicate a current gross monthly income of $5,307.10 ($63,685.20 on an annualized basis). Testimony of the Debtor at trial revealed that the University provided a guaranteed salary of $66,000 covering the traditional nine month school year. Contingent on the availability of funding, he could also be paid for the three summer

months, thus bringing his annual salary to around $90,000. While this funding is not guaranteed, he regularly receives it. In addition to his salary from the University, he typically provided consulting and research services for various foundations and private corporations. These consulting services generated $25,000 in 1992, $64,000 in 1991, and $55,000 in 1990. The Debtor stated that he derived no income from summer work in 1993. The trustee introduced several recent loan applications completed by the Debtor wherein he indicated significantly greater income from both sources.[1] At trial, the Debtor responded to the Trustee's questions regarding his income for the years 1990 through 1992 by stating that he did not know how much he had made during those years. I find this answer not to be credible coming from an individual with a Ph.D. in chemical engineering whose entitlement to a discharge is being contested due to a lack of complete disclosure.

The trustee alleges that a number of items of personal property were omitted from or severely undervalued on the Debtor's schedules. The items omitted include a clock, a chandelier, hand-made drapes, a wedding ring, a set of Encyclopedia Britannica and a pair of wall sconces.[2] The trustee additionally asserts that the Debtor failed to list his stock ownership interest in a corporation, Advance Surface Technologies, Inc. ("AST"), and that he failed to disclose the existence of an Atlanta, Georgia bank account in his schedules or statement of affairs. The trustee also alleges that the Debtor has failed to disclose or adequately explain the disposition of $7,101.94 drawn from the Atlanta bank account five days prior to the filing of this case.

The Debtor does not contest the fact that certain items were omitted, but states any omission resulted from either oversight or from his belief that the items had little or no value to the estate. In particular, the Debt-

or states that AST was not incorporated at the time of the filing of the petition, and therefore, was not required to be scheduled. The Debtor also states that his attorney responded to the trustee's inquiries into the Atlanta account with a letter which provided a detailed breakdown of disposition of the $7,100 drawn on the account shortly before the filing of the petition. The Debtor additionally states that any deficiency in his memory or recordkeeping results from the difficulties arising from two contested divorces in the two years leading up to the filing of the bankruptcy petition.

■ The fresh start afforded by the discharge of a debtor's personal liability for prepetition debts is a central purpose of the Bankruptcy Code. *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991). Given its importance, actions to deny discharge under § 727 are construed strictly against the complaining party and liberally in favor of the debtor. *In re Clawson,* 119 B.R. 851, 852 (Bankr.M.D.Fla.1990). By the same token, however, the Code's fresh start policy is reserved solely for "honest, but unfortunate" debtors. *Grogan,* 498 U.S. at 287, 111 S.Ct. at 659 (citing *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934)). The elements of a § 727 discharge action must be demonstrated by a preponderance of the evidence by the moving party. *Id.*

■ In order to deny discharge to a debtor under § 727(a)(4), a movant must show that the debtor acted with knowledge and with the intent to defraud the estate. 11 U.S.C. § 727(a)(4). The exception to discharge is not meant to punish debtors for their mistakes or inadvertence, but rather, for those debtors who attempt to deny the trustee and creditors reliable information relating to their financial condition or assets of the estate. *In re Clawson,* 119 B.R. at 852. Such intent may be properly inferred from

---

**1.** An unidentified loan application signed by the Debtor as of April 26, 1990 indicated an annual salary of $90,000 with additional income of $9,000 per month from consulting. A Barnett Bank loan application prepared as of August 12, 1991 indicated an annual salary of $92,000 with $80,000 per year generated from consulting activities. A Barnett Bank loan application pre-

pared as of November 27, 1991 showed an annual salary of $92,000 with $50,000 derived annually from consulting services.

**2.** Witness testimony placed the value of the wall sconces at $400 to $800.

the circumstances of the case. *In re Turpin,* 142 B.R. 491, 495 (Bankr.M.D.Fla.1992).

■ From the record in this case I find that the Debtor attempted to provide as little information as he could while still appearing to comply with the requirements of the Code. The Debtor states his current monthly income is $5,307.10, or $63,685.20 on an annualized basis, in his petition. This figure is inconsistent with his historical income in excess of $90,000 per year and with a state employee pay voucher dated September 18, 1992 which indicates an annual salary of $92,037.66. The Debtor also failed to disclose any expected income from consulting work, which until 1993 was a regularly occurring and substantial source of income. Notwithstanding the Debtor's assertion that realization of such income is not certain until shortly before the work is actually to begin, and therefore was not properly scheduled at the time the petition was filed, understatement of income of this magnitude evinces an effort to mislead the trustee, the creditors, and this Court.

■ The Debtor also has failed to list several pieces of personal property from his schedules or has undervalued the asset. His explanation that these items were not scheduled due to oversight or because the Debtor felt the assets had little or no value to the estate is unavailing. In this Circuit, creditors are entitled to judge for themselves what benefits the estate and what is immaterial. *In re Chalik,* 748 F.2d 616, 618 (11th Cir.1984). Thus, the debtor is required to schedule assets regardless of the debtor's belief as to its value. *Id.* Here the Debtor failed to list the Atlanta bank account, the wall sconces, a wedding ring, a Seth Thomas mantel clock, custom made drapes, an encyclopedia and a chandelier.[3] While it cannot be said that the omission of each item alone is sufficient to deny discharge, taken together under the circumstances of this case the Court is convinced that a pattern of omission arises which indicates a reckless disregard for the truth. *See, In re Clawson,* 119 B.R.

851, 852 (Bankr.M.D.Fla.1990). This finding supports the Court's conclusion that the Debtor acted with the knowledge and fraudulent intent necessary to deny discharge under § 727(a)(4). *Id.*

■ For the same reasons, the Court may also deny the Debtor a discharge for concealment of assets pursuant to § 727(a)(2). To deny discharge under § 727(a)(2), the movant must show that the debtor had actual intent to delay, hinder or defraud the creditors. *In re Turpin,* 142 B.R. 491, 495 (Bankr.M.D.Fla.1992). Just as with a § 727(a)(4) action, the debtor's intent under § 727(a)(2) may also be inferred from the circumstances involved in course of the case. *Id.* Thus, omission of property or income from a debtor's schedules may be both a false oath under § 727(a)(4) and fraudulent concealment under § 727(a)(2). *In re Sanders,* 128 B.R. 963, 972 (Bankr. W.D.La.1991). That is the case here as the Court finds the Debtor's conduct in not disclosing numerous assets evidences a pattern of willful and reckless disregard to the truth sufficient to constitute actual intent to conceal assets. Notwithstanding the Trustee's failure to provide any evidence of the value of the omitted assets, actual intent to conceal together with assets actually concealed from the bankruptcy proceeding is sufficient to deny the Debtor's discharge under § 727(a)(2). *See, In re Krich,* 97 B.R. 919, 923 (Bankr.N.D.Ill.1988) *(no requirement to show actual harm to the creditors from the concealment of assets if there was the intent to defraud).*

■ Having concluded that the Debtor's discharge should be denied under § 727(a)(2) and (4) there is no need to address the Trustee's contentions raised under § 727(a)(3) and (5), however the Court finds a brief discussion worthwhile. The Trustee's § 727(a)(5) allegation that the Debtor has failed to provide an adequate explanation for the proceeds drawn on the Atlanta bank account is without merit. Evidence at trial indicated that the Debtor's attorney respond-

---

**3.** The Trustee failed to produce any evidence at trial that Advance Surface Technologies legally existed at the time the petition was filed. Thus, we cannot find the Debtor's failure to list his interest in a non-existent corporation supports denial of discharge under either § 727(a)(2) or (4).

ed to a request by the Trustee for just such an explanation by a letter wherein the attorney provided a detailed breakdown of distribution of those monies. The Trustee's position seems to^ suggest that the Debtor is obligated to produce a receipt for each and every disbursement. In short, an explanation is satisfactory for purposes of § 727(a)(5) if it demonstrates the Debtor's good faith in conducting his financial affairs and explaining the loss of assets. *ITT Commercial Finance Corp. v. Walz,* 115 B.R. 353, 357 (Bankr.N.D.Fla.1990). The Court finds the attorney's letter to be a satisfactory explanation of loss of assets, and accordingly, that part of the Trustee's action based on § 727(a)(5) is denied.

 The Court also refuses to deny the Debtor a discharge based on failure to maintain adequate records in accord with § 727(a)(3). In support of this count, the Trustee presented in court two boxes of papers, apparently in an effort to demonstrate the poor condition of the Debtor's records. The only items that the Trustee produced from the boxes consisted of "junk" papers such as advertisements, discount coupons, newsletters, junk mail, airline ticket jackets, etc. There was no other evidence presented as to the contents of the boxes. While the Trustee had been in possession of the boxes for well over a year, she had never demanded that the Debtor put the records into an organized and meaningful condition. In this circuit, this is required before discharge may be denied for the failure to maintain adequate records. *In re Hughes,* 873 F.2d 262, 264 (11th Cir.1989). Thus, even though the Debtor's records may have been in disarray, the Trustee's failure to afford him an opportunity to put them in order precludes the denial of discharge under § 727(a)(3).

The Debtor's lack of candor as demonstrated by his professed inability to remember how much he made during the three years preceding his bankruptcy together with the number of not insignificant omissions from his schedules and statement of affairs leads me to the conclusion that he acted with the requisite fraudulent intent for a denial of discharge. Accordingly, dis-

charge will be denied pursuant to 11 U.S.C. § 727(a)(2) and (a)(4).

A separate final judgment will be entered in accordance herewith.

### FINAL JUDGMENT

THIS CAUSE was heard before the Court upon the complaint of the case trustee, Sharon T. Sperling, seeking a denial of discharge pursuant to 11 U.S.C. § 727(a)(2), (a)(3), (a)(4) and (a)(5). The Court having considered the testimony of witnesses, argument of counsel, and reviewed pleadings and related documents submitted in the cause, and having entered findings of fact and conclusions of law as required by Bankruptcy Rule 7052, hereby

ORDERS that the debtor, Gar B. Hoflund, be denied a discharge pursuant to 11 U.S.C. § 727(a)(2) and 11 U.S.C. § 727(a)(4).

DONE AND ORDERED.