In re Steve FEDER, Debtor.

Helen BURGAN, Plaintiff,

v.

Steve FEDER, Defendant.

Bankruptcy No. 93–5024–9P7.
Adv. No. 93–598.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Oct. 7, 1994.

Louis X. Amato, Naples, FL, for plaintiff.

Steve Feder, pro se.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is a Complaint filed by Helen Burgan (Plaintiff) challenging the right of Steve Feder (Debtor) to receive a discharge. The Plaintiff in her one-count Complaint alleges that the Debtor should be denied his discharge pursuant to § 727(a)(4) of the Bankruptcy Code because, according to the Plaintiff, he committed a false oath by failing to disclose assets he owned at the time of the commencement of this case, and certain transfers made within one year of the filing of this case. The facts relevant to resolution of this controversy, as established at the final evidentiary hearings are as follows:

Prior to the commencement of this case, the Debtor owned and operated a business known as Shelving Systems as a sole propri-etorship located in Naples, Florida and was, at the time relevant, in the business of installing shelving. In October 1989, the Debtor purchased a 1990 Dodge truck which was titled in the name of Shelving Systems without indicating the actual owner of the truck. The purchase was financed through First Union National Bank of Florida who held a first lien on the vehicle. (Plf's Exh. 7). In January or February of 1993 the Debtor transferred ownership of the truck to his father, apparently without receiving any consideration for the transfer.

It is without dispute that at the time of the commencement of the case, the Debtor owned the following personal property: a small eight foot dinghy and motor, a Loran–C system, and other accessories for the boat, two television sets, a VCR, and a pistol.

The Debtor filed his Petition for Relief under Chapter 7 of the Bankruptcy Code on May 5, 1993. In his Schedule B of personal property, the Debtor, in response to Question 4, which called for the disclosure of household goods and furnishings, failed to list the television sets and VCR. The Debtor, in response to Question 8, which called for the disclosure of any firearms or other sports or hobby equipment, again answered "none." In the Statement of Financial Affairs, "Question # 10. Other Transfers," reads as follows:

> List all other property, other than property transferred in the ordinary course of business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.

In response to this question the Debtor responded "none," notwithstanding the transfer of the business truck to his parents in January or February 1993, or within five months of the filing of his Petition for Relief.

Schedule B also required, in Question 14, the disclosure of all Government and corporate bonds, and other negotiable and non-negotiable instruments. To this request, the Debtor responded "none." However, on May 21, 1993, less than twenty days after the filing of this bankruptcy, the Debtor executed a satisfaction of mortgage in an amount of

$40,000.00 (Plf's Exh. 10). Nowhere on the Schedules or Statement of Financial Affairs is this mortgage disclosed.

In addition, in response to Question 24, he listed "none" to the request to disclose any boats, motors and accessories. However, on April 8, 1994 the Debtor listed in the classified section of the Naples Daily News an advertisement to sell an eight foot dinghy together with an outboard motor and other accessories. (Plf's Exh. 4).

Based upon the foregoing, the Plaintiff contends that the Debtor made a false oath by signing his Schedules and Statement of Financial Affairs under the penalty of perjury when he had failed to disclose assets and transfers on the Schedules and Statement of Financial Affairs. Therefore, according to the Plaintiff the Debtor should be denied his discharge pursuant to § 727(a)(4) of the Bankruptcy Code, which provides in pertinent part, as follows:

§ 727. Discharge

(a) The court shall grant the debtor a discharge, unless—

.     .     .     .     .

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

The party objecting to the Debtor's discharge has the burden of proving by a mere preponderance of the evidence that the Debtor's discharge should be denied. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Once a party objecting to the discharge has met the initial burden of proving the objection by producing evidence establishing the basis for the objection, the ultimate burden of persuasion is placed on the Debtor. *In re Goblick*, 93 B.R. 771 (Bankr.M.D.Fla.1988); *In re Chalik* 748 F.2d 616 (11th Cir.1984). When a Debtor makes numerous omissions in the Statement of Affairs and Schedules, the omissions together may constitute a pattern demonstrating a reckless disregard for the truth. *In re Clawson*, 119 B.R. 851 (Bankr.M.D.Fla.1990). While it is always difficult to prove that a false oath was knowingly made, an inference of such intent can be drawn from circumstances surrounding the debtor's disclosure, or lack thereof. *In re Sklarin*, 69 B.R. 949 (Bankr.S.D.Fla.1987).

This record is more than sufficient to warrant the finding that the Debtor did in fact willfully and knowingly commit a false oath in that the schedule which he executed under penalty of perjury failed to disclose any of the personal properties described above nor the transfer of the truck or satisfaction of the mortgage. While it is true that an isolated omission of an asset or an asset which is of no great value is generally excused and is insufficient to warrant a finding of false oath, the extensive omissions in this particular instance clearly reveals a pattern which is sufficient to lead to the conclusion that the Debtor is, in fact, guilty of false oath.

This being the case, this Court is satisfied that this Debtor is not entitled to the protection of the general bankruptcy discharge and his discharge should be denied pursuant to § 727(a)(4).

A separate final judgment shall be entered in accordance with the foregoing.