In re Bryant Y. LIU, Debtor.

C. David Butler, United States
Trustee, Plaintiff,

v.

Bryant Y. Liu, Defendant.

Bankruptcy No. 01–69305.
Adversary No. 02–9144.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 12, 2002.

R. Jeneane Treace, Office of the United States Trustee, Atlanta, GA, for plaintiff.

Howard D. Rothbloom, Marietta, GA, for defendant.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This adversary proceeding involves the United States Trustee's objection to the discharge of a debtor who lost a substantial amount of money through gambling. It is before the Court on the defendant's Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment. The United States Trustee objects to the defendant's discharge under § 727(a)(2)(A), § 727(a)(3), § 727(a)(4)(A), and § 727(a)(5) of the Bankruptcy Code. Defendant Bryant Liu ("defendant" or "Mr. Liu") asserts that the undisputed facts do not support plaintiff's claims and that plaintiff's allegations are not sufficient to support a denial of discharge under 11 U.S.C. § 727. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

On July 20, 2001, Mr. Liu filed a petition for relief under Chapter 7 of Bankruptcy Code. In his Statement of Financial Affairs, Mr. Liu lists gambling losses in the amount of $250,000.00 incurred in 2000 and 2001, unsecured debt in the amount of $2,427,950.62, and only $6,800.00 in assets. The unsecured debt includes substantial debts to four casino collection departments.

The United States Trustee filed a four-count complaint objecting to Mr. Liu's discharge under 11 U.S.C. § 727. Mr. Liu filed an answer to the complaint and later filed the instant motion for judgment on the pleadings, or in the alternative, for summary judgment. In support of his motion, Mr. Liu filed an affidavit and a numbered Statement of Material Facts As to Which There Is No Genuine Issue to Be Tried ("Statement of Material Facts").

The United States Trustee filed a memorandum in response to the motion, but failed to file a response to the Statement of Material Facts. The United States Trustee also submitted a transcript of a deposition given by Mr. Liu on September 7, 2001 in an action filed by Summit National Bank in the Superior Court of Cobb County and a transcript of a 2004 examination taken by Summit National Bank on October 23, 2001. The United States Trustee does not cite to any specific page of these transcripts in his memorandum. Mr. Liu filed a reply to the United States Trustee's memorandum. After carefully considering the motion, the memoranda, and the record, the Court concludes that defendant's motion should be granted in part and denied in part.

■ A court will only grant a summary judgment when there is "no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). Courts must review affidavits, pleadings, and other evidence "in the light most favorable to the non-moving party." *Samples on Behalf of Samples v. Atlanta*, 846 F.2d 1328, 1330 (11th Cir.1988). In this case, the debtor "bears the initial burden of establishing the nonexistence of a triable fact issue." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the debtor meets this burden, the burden of production shifts to the plaintiff and he must come forward with sufficient evidence to prove each and every element of the claim. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir.1987).

Several facts are undisputed. The Local Rules require that the respondent to a summary judgment motion submit a numbered response to the movant's numbered statement of material facts. Bankr.Local R. 7056–1(b)(2), NDGa. The plaintiff here

did not file a numbered response to the defendant's Statement of Material Facts. Accordingly, the following facts listed by the defendant are considered undisputed:

(1) [The defendant] has not concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which to substantiate his gambling losses.

(2) Prior to the voluntary petition in this case, [the defendant] never received documentation substantiating his gambling losses.

(3) By January 21, 2002, [the defendant], by and through his counsel in this case, had obtained from the casinos, and voluntarily delivered to the United States Trustee, copies of gambling casino statements of account for each casino visited for the period 1999 through 2001.

(4) [The defendant] produced checking and other records for his corporation, First Continental Corporation ("FCC"), in connection with the Rule 2004 examination that was conducted in this case by The Summit National Bank ("Summit"), a creditor in this case.

(5) [The defendant's] personal checking records were maintained at Summit and were voluntarily released, by and through his counsel, on March 11, 2002 to the United States Trustee.

(6) In the Statement of Financial Affairs, which was filed in connection with [the defendant's] bankruptcy case, [the defendant] disclosed that he had been paid a salary from FCC in the amount of $62,222.20 for 1999; $61,048.00 for 2000; and $23,480.00 for 2001. That information contained in the Statement of Financial Affairs, affirmed at the meeting of creditors held in this case, is true and correct.

(7) Liu did not transfer assets to Al Liu or Richwood Corporation in California.

(Def.'s Statement of Material Facts as to Which There is no Genuine Issue to be Tried in Supp. of Mot. for Entry of J. on the Pleadings or in the Alternative, for Summ. J. at 1–2.)

### § 727(a)(2)(A)

In Count I of the complaint, plaintiff alleges that defendant should be denied a discharge because: (1) he squandered $250,000.00 on gambling sprees and the money would have otherwise been available to creditors, and (2) Mr. Liu, acting as the sole shareholder and president of First Continental Corporation ("FCC"), transferred FCC's property to seven persons or corporations all within one year of filing bankruptcy with the intent to hinder, delay or defraud creditors. The seven listed transferees are United Dynasty, Ming Feng Chen, Global One, Al Liu, Richwood Corporation, Knoxville International, and Charles Schwab.

§ 727(a)(2)(A) provides that:

(a) The court shall grant the debtor a discharge, unless—

. . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of filing of the petition; . . . .

11 U.S.C. § 727(a)(2) (2002).

■ A claim under this section has two components: (1) a transfer or concealment of property of the debtor within one year of the bankruptcy; and (2) an improper intent (i.e., a subjective intent to hinder, delay, or defraud a creditor). *Rosen v.*

*Bezner,* 996 F.2d 1527, 1532 (3d Cir.1993); *Dulock v. Dulock (In re Dulock),* 250 B.R. 147, 152 (Bankr.N.D.Ga.2000); *Parnes v. Parnes, (In re Parnes),* 200 B.R. 710, 713 (Bankr.N.D.Ga.1996). Plaintiff must prove that Mr. Liu had an actual intent to defraud creditors when he gambled and lost money or when he transferred property to one of the listed transferees.

Defendant argues that plaintiff's general allegations regarding Mr. Liu's gambling do not support a denial of discharge under § 727(a)(2)(A), because the complaint does not allege that Mr. Liu gambled with the intent to hinder, delay or defraud creditors. Defendant's argument has merit. Losing money through gambling is not in and of itself a ground for denying the bankruptcy discharge, and plaintiff has not alleged an actual fraudulent intent or facts from which a fraudulent intent can be inferred with regard to gambling losses. Thus, defendant's motion to dismiss the § 727(a)(2)(A) claim with respect to gambling losses should be granted.

■ Defendant contends that he is entitled to a summary judgment on the § 727(a)(2) claim relating to transfers of FCC's property, arguing: (1) that FCC's property is not property of the debtor Mr. Liu; and (2) that it is uncontroverted that he did not transfer assets to Al Liu or to the Richwood Corporation. In response, plaintiff argues that debtor's control over FCC's property was such that the transfer of FCC's assets was tantamount to a transfer of his own property and that therefore the transfers should be treated as transfers of property of the debtor. Based on the current record, there is a dispute of fact over both whether the property Mr. Liu caused to be transferred from

FCC to the five entities other than Al Liu and the Richwood Corporation was actually property of the debtor and whether debtor made these transfers with the intent to hinder, delay or defraud creditors. Accordingly, summary judgment on plaintiff's claims arising out of transfers to United Dynasty, Ming Feng Chen, Global One, Knoxville International, and Charles Schwab cannot be granted.

### § 727(a)(4)(A)

■ Plaintiff's objection to the defendant's discharge under 11 U.S.C. § 727(a)(4)(A) is based on the allegations that debtor falsely testified at the 341 meeting of creditors[1] by stating: (1) that he had not transferred any money to Al Liu or to the Richwood Corporation; (2) that his bankruptcy was caused by a business failure rather than by his gambling losses; and (3) that debtor misstated the amount of his income on the Statement of Financial Affairs and at the 341 creditors' meeting. In his motion for summary judgment, Mr. Liu contends he testified truthfully at the meeting of creditors and that his written statements regarding his income are accurate. Mr. Liu contends that plaintiff's objection must fail because plaintiff's allegations are vague, plaintiff does not offer any references to any transcript of the 341 meeting and plaintiff has not alleged facts sufficient to contradict Mr. Liu's statements regarding his income.

Plaintiff's response to defendant's motion for summary judgment fails to address defendant's factual allegations and does not provide the Court with any references to any alleged false testimony. Instead, plaintiff presents a statement of the law governing a claim under § 727(a)(4).

1. A 341 meeting of creditors is a preliminary meeting held out of court by the United States Trustee in the early stages of a bankruptcy case pursuant to 11 U.S.C. § 341 which the debtor's creditors attend. George M. Treister, et al, Fundamentals of Bankruptcy Law §§ 2.03(a) and 9.02(d) (4th ed.1996).

While the statement of law is accurate, plaintiff presents no facts to support the claim and no facts in response to defendant's affidavit.

§ 727(a)(4) provides that:

(a) The court shall grant the debtor a discharge, unless—

. . .

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account; . . . .

11 U.S.C. § 727(a)(4) (2002).

The uncontroverted facts are: (1) that Mr. Liu provided information regarding his income from FCC and that information, which was affirmed at the 341 creditor's meeting, is true and correct; and (2) that Mr. Liu did not transfer any funds to Al Liu or to the Richwood Corporation. Thus, debtor is entitled to a summary judgment on plaintiff's objection based on an alleged misstatement of income received from FCC and an alleged false statement regarding transfers to Al Liu or to the Richwood Corporation. In addition, plaintiff's claim that Mr. Liu falsely testified about the cause of his bankruptcy cannot survive the defendant's motion, since plaintiff has failed to reference a specific place in the record where the alleged false statement can be found. Since plaintiff has not presented the Court with any factual basis upon which to base an objection under § 727(a)(4)(A), debtor's motion for summary judgment on this claim is appropriate and will be granted.

### § 727(a)(3) and (a)(5)

■ The remaining objections to discharge are under § 727(a)(3) and (a)(5). Most bankruptcy litigation involving gambling centers around these two objection to discharge provisions. Hon. David S. Kennedy & James E. Bailey, III, Esq., *Gam-bling and the Bankruptcy Discharge: An Historical Exegesis and Case Survey*, 11 BANKR. DEV. J. 49, 50 (1995). Summary judgment cannot be granted on either of these claims, as the Court must hear the evidence to determine the facts and the credibility of the debtor.

In Count II of the complaint, plaintiff alleges that Mr. Liu should be denied a discharge under 11 U.S.C. § 727(a)(3) for failure to keep any records of his gambling losses and that such a failure was not justified under the circumstances. In the motion for summary judgment, Mr. Liu argues that he produced checking account records of FCC to counsel for a creditor and that his personal checking account records were made available to the plaintiff in March of 2002. As to records pertaining to his gambling, Mr. Liu denies that he concealed, destroyed, mutilated, falsified or failed to keep any records to substantiate his gambling losses and asserts that by January 21, 2002, he delivered copies of casino statements of account for each gambling trip from 1999 through 2001.

The United States Trustee responds that Mr. Liu admitted that he did not keep records of his gambling losses and that $250,000.00 was only an estimate. The United States Trustee also points out that while Mr. Liu listed an $88,000.00 debt to FCC in his schedules, he has admitted that he had borrowed much more than that from FCC and could not remember what he did with the money. Finally, the United States Trustee contends that he requested copies of certain types of documents, not all of which were produced. Mr. Liu disputes this contention, maintaining that he did in fact release all records requested, including records of gambling casino statements of account.

§ 727(a)(3) provides that:

(a) The court shall grant the debtor a discharge, unless—

. . .

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

. . . .

11 U.S.C. § 727(a)(3) (2002).

██ Sustaining an objection to discharge under § 727(a)(3) requires evidence establishing: "(1) either that the debtor failed to keep or preserve any recorded information, including books, documents, records and papers, or that the debtor or someone acting for him destroyed, mutilated, falsified, or concealed any recorded information including books, documents, records and papers; and (2) that as a result, it is impossible to ascertain the financial condition and material business transactions of the debtor." *Barman v. Barman (In re Barman)*, 244 B.R. 896, 900 (Bankr.E.D.Mich.2000) (citing 6 COLLIER ON BANKRUPTCY, ¶ 727.03[4] at 727–36 (Lawrence P. King ed., 15th ed.1998)).

Defendant's uncontroverted statement of material facts include the following: (1) that the defendant has not concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which to substantiate his gambling losses; (2) that the defendant obtained casino records from each casino he visited between 1999 and 2001 and surrendered those records to the U.S. Trustee; (3) that the defendant never received records of his gambling prior to his bankruptcy; (4) that the defendant produced records of his company's checking account;

and (5) that the defendant produced records of his personal checking account.

Objections to discharge under § 727(a)(3) are not usually decided on summary judgment, as they normally require a fact intensive inquiry regarding the adequacy of the defendant's records. In both cases cited by the defendant, the Court reached a determination regarding a § 727(a)(3) objection only after a trial; not on summary judgment. In *Marshall v. McCaffrey (In re McCaffrey)*, 216 B.R. 196, 201–02 (Bankr.E.D.Mich.1997) the Court refused, after a bench trial, to deny a debtor's discharge under § 727(a)(3) and in *First Florida Bank et al v. Rowe (In re Rowe)*, 81 B.R. 653, 657 (Bankr.M.D.Fla. 1987) the Court held, only after a final evidentiary hearing, that the debtor's discharge would not be denied under § 727(a)(3). The case at bar does not present an exception. Plaintiff claims that the defendant has failed to maintain records of gambling losses, business loans, and other financial transactions making it impossible to discern the defendant's financial situation. While it is uncontroverted that defendant has not destroyed or failed to maintain records of gambling losses, plaintiff very much disputes whether Mr. Liu maintained records sufficient to ascertain his overall financial condition and business transactions. Thus, triable fact issues remain and the motion for summary judgment on plaintiff's § 727(a)(3) claim cannot be granted.

██ In preparation for trial on the § 727(a)(3) claim, debtor should be aware that the law does not allow a debtor to defeat a § 727(a)(3) objection to discharge by merely stating that his records are sufficient and presenting an unorganized collection of financial papers to the Court. *Peterson v. Scott (In re Scott)*, 172 F.3d 959, 970 (7th Cir.1999); *Hughes v. Lieber-*

man (*In re Hughes*), 873 F.2d 262, 264 (11th Cir.1989);[2] *see also Sperling v. Hoflund* (*In re Hoflund*), 163 B.R. 879, 884 (Bankr.N.D.Fla.1993) (holding that trustee's failure to afford the debtor an opportunity to put records in order precludes denial of discharge under § 727(a)(3)).

■ Finally, plaintiff claims that debtor should be denied a discharge under § 727(a)(5) of the Bankruptcy Code, alleging that Mr. Liu did not satisfactorily explain the $250,000.00 in gambling losses. Defendant argues that this claim must fail because plaintiff has not identified any assets that were lost. Defendant also argues that he has adequately explained the losses by producing gambling casino statements for each casino that he visited from 1999 through 2001.

§ 727(a)(5) provides that:

(a) The court shall grant the debtor a discharge unless—

. . .

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

. . . .

11 U.S.C. § 727(a)(5) (2002).

■ The plaintiff under § 727(a)(5) bears the burden of showing that there is a deficiency of assets or a loss of assets which the debtor has not explained. *Chalik v. Moorefield* (*In re Chalik*), 748 F.2d 616, 619 (11th Cir.1984); *HSBC Bank USA v. Handel* (*In re Handel*), 266 B.R. 585, 590 (Bankr.S.D.N.Y.2001); *In re Halperin*, 215 B.R. 321, 333 (Bankr. E.D.N.Y.1997). Once the objecting party has shown that there are missing assets, the burden shifts to the defendant to ex-

plain their loss. *Halperin*, 215 B.R. at 333; *In re Bryson*, 187 B.R. 939, 955 (Bankr.N.D.Ill.1995). Whether a debtor's explanation is sufficient to prevent a denial of discharge under § 727(a)(5) is a question of fact. *Chalik*, 748 F.2d at 619. However, vague explanations that assets were lost via unsubstantiated gambling will not satisfy the defendant's burden under 727(a)(5). *Dolin v. Northern Petrochemical Co.* (*In re Dolin*), 799 F.2d 251, 253 (6th Cir.1986); *Barman v. Barman* (*In re Barman*), 244 B.R. 896, 901 (Bankr. E.D.Mich.2000).

The assets that were lost are the $250,000.00 that Mr. Liu claims as having gambled. While Mr. Liu has apparently obtained copies of gambling casino statements, the Court cannot determine from the record before it whether these statements or the debtor can satisfactorily explain the $250,000.00 in gambling losses. The summary judgment motion on this claim must be denied, as the Court must have an opportunity to hear the debtor's testimony at trial and allow the parties to introduce evidence as to whether debtor's records meet the test under § 727(a)(5).

### Conclusion

In accordance with the above reasoning, defendant's motion is granted on the § 727(a)(4) claims and on the § 727(a)(2) claim related to gambling losses and alleged transfers to Al Liu and the Richwood Corporation. Defendant's motion for summary judgment on the § 727(a)(3) and (a)(5) claims and the remaining § 727(a)(2) claims is denied. A trial on the claims that remain will be set by separate Order.

2. The debtor "may not simply place tow sacks of records before the bankruptcy judge and request the judge to sift through the docu-

ments and attempt to reconstruct the flow of the debtor's assets." *Hughes v. Lieberman* (*In re Hughes*), 873 F.2d 262, 264 (11th Cir.1989).