**In re Edward F. VINCENT d/b/a Ace Auto Sales d/b/a Fairway Arms and Doris L. Vincent, Debtor.**

**Douglas N. MENCHISE, Trustee, Plaintiff,**

**v.**

**Edward F. VINCENT, Doris L. Vincent, Defendants.**

**Bankruptcy No. 90–7068–8P7. Adv. No. 93–94.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 13, 1993.

Douglas N. Menchise, pro se.

Michael M. Hanson, Palm Harbor, FL, for defendants.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matters under consideration are claims set forth in a two-count Complaint objecting to the discharge of Edward and Doris Vincent (Debtors). The Complaint is filed by Douglas Menchise, the duly appointed Trustee of the Debtors estate (Trustee). In Count I, the Trustee challenges the Debtors' right to discharge pursuant to § 727(a)(3) of the Bankruptcy Code, and

alleges that the Debtors failed to keep adequate books and records pertaining to certain business activities of the Debtors. The claim in Count II is based on the allegation that the Debtors are guilty of making a false oath in connection with the filing of their Schedules and Statement of Affairs by failing to list all of their business activities and, therefore, they are not entitled to a discharge by virtue of § 727(a)(4) of the Bankruptcy Code. In due course, the matter was set for trial at which time the following facts relevant to the claims under consideration were established:

Prior to the commencement of this case, the Debtors resided in Massachusetts where they owned and operated the Knoll Motel (Motel). The Debtors purchased the Motel in 1973, approximately, with their daughter, Kathleen Skiba (Ms. Skiba). In 1983, the Debtors conveyed the Motel to a newly created trust known as the Riverdale Trust (Trust), a trust which they established. Mr. Vincent acted as trustee of the Trust, and Ms. Skiba was named the sole beneficiary of the Trust. The Debtors remained in sole control of the operations of the Motel, taking all surplus income remaining above and beyond the expenses as their compensation for their services.

In 1988, the Trust sold the Motel to Raman and Jayaben Desais (Desais) for $300,000.00. (Exh. # 1). Before closing, the Desais paid $83,000.00 in cash toward the purchase price. The balance of the purchase price was represented by a promissory note in the principal amount of $246,000.00, which was made payable to Edward Vincent, as trustee. Shortly thereafter, Mr. Vincent allegedly assigned the note to Ms. Skiba as repayment of the funds she loaned him which enabled him to pay the property taxes on the Motel. (Exh # 3).

After the sale of the Motel, the Debtors moved to Florida. They sold their house in Massachusetts, and with the funds obtained from the sale of their home, together with the cash proceeds from the sale of the Motel, they purchased a car sales business and an apartment house in Florida. According to Mr. Vincent, he placed the books and records relevant to the Motel operations in a self-storage warehouse in Sarasota. The Debtor further claims that all the records were later destroyed by the landlord when the Debtors failed to pay the monthly rent on the storage unit.

On July 20, 1990, the Debtors filed their voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. In due course, they filed their Schedule of Assets and Liabilities and Statement of Financial Affairs, all of which were signed by them under penalty of perjury. It is without dispute that although they listed their involvement in the auto sales business and the apartment house, they did not disclose their interest in and operation of the Motel. In addition, the Debtors also failed to disclose their interest in the Riverdale Trust, the trust from which the Debtors were supposed to have received the cash proceeds from the sale of the Motel.

Based upon these facts, the Trustee contends that the Debtors made a false oath in connection with this case and failed to keep or preserve the records of their business affairs, both of which would warrant the denial of their general bankruptcy discharge pursuant to § 727(a)(3) and (a)(4) of the Bankruptcy Code.

In their defense, the Debtors testified that they signed their Petition, the Schedules and the Statement of Financial Affairs in blank in order to expedite the filing of the Petition, and, therefore, the above noted omissions were not knowingly and fraudulently made. In addition, the Debtors stated that they had adequate books and records, but they were destroyed by the owner of the self-storage warehouse when they were not able to make the required rent for the storage.

The two claims under consideration are based on § 727(a)(3) and (a)(4), respectively, which provide, in pertinent part, as follows:

§ 727. Discharge

(a) The court shall grant the debtor a discharge, unless—

(3) the debtor concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, in-

cluding books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

    (4) the debtor knowingly and fraudulently, in or in connection with the case—

    (A) made false oath or account

 The party objecting to the Debtor's discharge has the burden of proving by a mere preponderance of the evidence that the Debtor's discharge should be denied. *Grogan v. Garner* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Once a party objecting to the discharge has met the initial burden of proving the objection by producing evidence establishing the basis for the objection, the ultimate burden of persuasion is placed on the Debtor. *In re Goblick*, 93 B.R. 771 (Bankr.M.D.Fla.1988); *In re Chalik* 748 F.2d 616 (11th Cir.1984). While a single and basically insignificant omission may not be material, when a Debtor makes numerous omissions in her Statement of Affairs and Schedules, the omissions together may constitute a pattern demonstrating a reckless disregard for the truth. *In re Clawson*, 119 B.R. 851 (Bankr.M.D.Fla.1991); *In re Muscatell*, 113 B.R. 72 (Bankr.M.D.Fla.1990). It cannot be gainsaid that a deliberate failure to disclose business interests on the Statement of Financial Affairs, executed under penalty of perjury, warrants the finding of commission of false oath and, in turn, a denial of discharge pursuant to § 727(a)(4)(A). While it is always difficult to prove that a false oath was knowingly made, an inference of such intent can be drawn from circumstances surrounding the Debtor. *In re Sklarin*, 69 B.R. 949 (Bankr.S.D.Fla. 1987).

■ This record leaves no doubt that the Debtors failed to disclose their business involvement in the Motel and their interest in the Trust. These Debtors were clearly not unsophisticated consumer debtors. They were involved in several businesses and they certainly knew, or should have known, the importance of full disclosure and the significance of omitting information under the penalty of perjury.

■ The Debtors' discharge may also be denied under § 727(a)(3) for their failure to keep or preserve books or records. There is absolutely no question that the Debtors have not provided books and records from which their financial condition could be ascertained. The fact that the Debtor failed to pay the rent for the storage of these documents and, therefore, the documents were destroyed is insufficient to excuse their failure to preserve books and records. Based upon the foregoing, this Court is satisfied that the Trustee has sustained his burden of proof, and the Debtors should be denied their discharge pursuant to § 727(a)(3) and (a)(4). A separate Final Judgment shall be entered in accordance with the foregoing.