**Barry Douglas HAUGHT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**In re Barry Douglas Haught, Debtor.**

**No. 98–1492–CIV–T–24–F.**
**Bankruptcy No. 96–01398–8P7.**
**Adversary No. 96–518.**

United States District Court,
M.D. Florida,
Tampa Division.

March 31, 1999.

Alberto F. Gomez, Jr., Law Offices of Albert F. Gomez, Jr., Tampa, FL, for appellant.

John A. Galotto, U.S. Dept. of Justice, Tax Division, Washington, DC, for appellee.

## ORDER

BUCKLEW, District Judge.

This cause comes before this Court on appeal from a ruling of Chief Bankruptcy Judge Alexander L. Paskay of the Middle District of Florida. Appellant/Debtor Barry Douglas Haught appeals from the bankruptcy court's denial of his discharge pursuant to 11 U.S.C. § 727(a)(4).

### I. Background

The underlying facts relevant to this Court's determination are undisputed. On February 5, 1996, Barry Douglas Haught ("Haught") filed a Voluntary Petition for Relief under Chapter 7 along with the documents required under Federal Rule of Bankruptcy § 1007, which included an Official Form 7, Statement of Financial Affairs. However, Haught did not include in his filing the pages containing Questions 16–21, and thus, failed to answer those questions in any form.

On May 9, 1996, the Internal Revenue Service filed a proof of claim against Haught in the amount of $180,478.48 for back taxes. As a result of the filing of the proof of claim, the United States became a creditor in the bankruptcy proceeding and obtained standing to object to Haught's

discharge pursuant to 11 U.S.C. § 727(c)(1).

After amending its original complaint, the United States alleged three separate counts, the only one relevant to this appeal being an alleged false oath under 11 U.S.C. § 727(a)(4)(A) due to Haught's failure to answer Questions 16–21 on the Statement of Financial Affairs.[1] The bankruptcy court held a final evidentiary hearing on February 19, 1997, and the only witness was the Debtor, Mr. Haught. The bankruptcy court then entered findings of fact, conclusions of law, and a memorandum opinion denying Haught's discharge.

Haught moved for reconsideration of that opinion.[2] The bankruptcy court vacated its memorandum opinion and allowed the parties until April 1, 1997 to file post-trial briefs. On May 26, 1998, the bankruptcy court then affirmed its prior ruling in its Order on Reconsideration of Findings of Fact, Conclusion of Law, and Memorandum Opinion, and again denied Haught's discharge. Haught instituted this appeal seeking a reversal of the bankruptcy court's denial of his discharge. Appellant contends that the bankruptcy court erred by finding that he made a false oath under § 727(a)(4)(a) of the Bankruptcy Code in connection with the filing of his Statement of Financial Affairs.

## II. Standard of Review

Pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, this Court cannot modify or reverse the bankruptcy court's finding of fact unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. Conclusions of law are reviewed *de novo* by the appellate court. *See Bosarge v.*

*U.S. Dep't of Educ.*, 5 F.3d 1414, 1417 (11th Cir.1993).

## III. Discussion

■■■ The relevant portion of Section 727 of the Bankruptcy Code provides: "(a) the court shall grant the debtor a discharge, unless . . . (4) the debtor knowingly and fraudulently, in or in connection with the case . . . (A) made a false oath or account." It is well established that a knowing and fraudulent omission may constitute a false oath. *See In re Chalik,* 748 F.2d 616, 618 (11th Cir.1984) (citing *Farmers Co–Operative Ass'n v. Strunk,* 671 F.2d 391, 395 (10th Cir.1982)); *In re Nipper,* 186 B.R. 284, 289 (Bankr.M.D.Fla. 1995); *In re Clawson,* 119 B.R. 851, 852 (Bankr.M.D.Fla.1990). The omission must also pertain to a material fact. *See In re Wasserman,* 33 B.R. 779 (Bankr.S.D.Fla. 1983); *In re Metz,* 150 B.R. 821, 824 (Bankr.M.D.Fla.1993); *In re Ingersoll,* 124 B.R. 116 (M.D.Fla.1991).

In contending that the trial court erred, Appellant argues that there is no evidence that the omission was knowing and fraudulent and that there is no evidence that the omission was material. The Court finds not only does evidence on both points exist, but also that the evidence is sufficient to support denial of the discharge, and therefore, the Court affirms the bankruptcy court's ruling.

## A. Knowing and Fraudulent Omission

■■ The objecting party must prove by a preponderance of the evidence that the omission was knowing and fraudulent. *See Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Appellant failed to provide any answers for Questions 16–21 on his Statement of Financial

1. The bankruptcy court found no evidence relevant to Count II (dealing with a failure to keep books and records) and dismissed it, feeling no need to further address the issue because the discharge was denied based on Count I. Count III was voluntarily dismissed by the Government at the beginning of the final evidentiary hearing on the case.

2. Appellant moved for reconsideration on the grounds that the parties had been given leave at the end of the evidentiary hearing to file post-trial briefs, and the court had ruled prior to receiving those briefs.

Affairs. Official Form 7 contains the following instructions after Question 15:

> The following questions are to be completed by every debtor that is a corporation or partnership or by any individual who is or has been, within the two years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed. (An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the two years immediately preceding the commencement of this case.)

 Haught admitted that during the relevant time preceding the commencement of this case, he was an officer of four corporations. Appellant asserts, however, that he testified that he misunderstood the instructions and thus the omission was an inadvertent mistake.[3] Appellant also contends that there is no evidence that contradicts his testimony and that would show the omission was knowing and fraudulent.[4] Appellant is correct that an inadvertent mistake does not warrant a discharge. *See, e.g., In re Knott,* 32 B.R. 252 (Bankr. E.D.Va.1983); *In re Tuttle,* 15 B.R. 14 (Bankr.D.Kan.1981). However, Appellee alleged that the omission was intentional, and because "it is always difficult to prove

that a false oath was knowingly make, an inference of such intent can be drawn from the circumstances surrounding the Debtor." *In re Vincent,* 159 B.R. 595, 597 (Bankr.M.D.Fla.1993) (citing *In re Sklarin,* 69 B.R. 949 (Bankr.S.D.Fla.1987)).

 The bankruptcy court looked to all of the surrounding evidence to support the inference that the omission was intentionally made. The only witness at trial was the Appellant. The bankruptcy court found that his explanation lacked credibility, and the bankruptcy court must be afforded deference in its ability to judge the witness' credibility. Additionally, the bankruptcy court was presented with sufficient evidence to support a finding that the witness' testimony was not credible.

First, Appellant testified that he relied on legal advice that he had received over eight years ago from an attorney other than the one currently representing him in his bankruptcy proceedings.[5] His former attorney told him that Appellant was only considered "engaged in business" if he had an ownership in a corporation. To rely on such dated information when not only the forms had changed, but also the language on the new forms is quite clear, seems suspect, and the bankruptcy court was free to reject that explanation. Further, even had he not understood the instructions, Appellant could have inquired of his present counsel. During the time of his filing, he was represented by counsel who, in fact, sent him the forms to fill out. He

---

3. Such a self-serving, subjective explanation makes proving knowing and fraudulent intent quite difficult, which is precisely why the court make inferences from the circumstances surrounding the Debtor. Drawing an inference is exactly what the bankruptcy court did.

4. In his brief, Appellant attempts to argue that there is no dispute that the omission was a mistake. This characterization of a lack of dispute is disingenuous. There is no dispute that the Appellant *testified* that it was a mistake, but the Government's entire case rests on their argument that the omission was not a mistake but was in fact intentional.

5. More specifically, Appellant stated that his prior counsel explained that to be "in business" one must own five percent of a corporation. Appellee brings up an interesting point on appeal regarding the plausibility of the Appellant's reliance on this previous advice. The instructions to the bankruptcy schedules from 1988 do not make such a five percent distinction when instructing on how to determine whether an individual is "in business." However, the bankruptcy court did not allude to being aware of this fact. Nor did the bankruptcy court note that much of the 1988 schedules were different, such as the fact that there were no Questions 16–21 back then, only fifteen questions total.

could have taken steps to insure that the forms were filled out correctly. Not being a *pro se* litigant, Appellant seems to have little excuse for misunderstanding the language of the instructions.

Second, Appellant testified that he has an engineering degree and has incorporated several businesses, in addition to serving as an officer or director of several corporations. Appellant appears to be an educated businessman who, regardless of having legal counsel, should have been able to understand the clear disjunctive language of the instructions. And finally, even after the omission was brought to Appellant's attention, he filed no amendment in an attempt to correct his allegedly inadvertent mistake. Therefore, the bankruptcy court's finding that the omission was knowing and fraudulent was not clearly erroneous and must be affirmed.

### B. Omission of Material Fact

█ Appellant next contends the discharge should not have been denied because the omission did not relate to a material fact. Appellant emphasizes that he was only an officer and not a stockholder, and therefore not listing those corporations nor his involvement as an officer is not a material omission. The Eleventh Circuit has made clear that "the subject matter of a false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions *or* estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *In re Chalik*, 748 F.2d at 618 (emphasis added).

In *Chalik*, the debtor failed to include on his schedules twelve corporations in which he had been an officer, director, or major stockholder. See *id.* at 617. Appellant attempts to distinguish *Chalik* by arguing that the debtor in the case was a stockholder in all twelve corporations, but Appellant is mistaken. Not only was the court's characterization of the debtor's omission in the disjunctive, but also another reference to the omission makes the point. The court stated that the debtor omitted from his schedules "certain corporations with which he was associated *or* in which he held stock." *Id.* (emphasis added). Thus, the debtor in *Chalik* was facing the same allegation as Appellant in this action, omitting corporations in which he was merely an officer.

The debtor in *Chalik* argued that the omission was not material because there was no indication that revealing the association with the corporations would have revealed any assets for creditors. The issue of whether omissions that would reveal worthless assets are material was one of first impression for the Eleventh Circuit, and the court held that the debtor's discharge was denied because he had omitted information that was needed in order to determine his financial condition. See *In re Chalik*, 748 F.2d at 618. The court cited to several other circuits' decisions in support of its finding. One such case held that "detriment to the creditor need not be shown in order to bar discharge for making a false oath." *Farmers Co–Operative Ass'n v. Strunk*, 671 F.2d 391, 396 (10th Cir.1982).

The record in this case is unclear as to whether Appellant's positions in these four companies would reveal any assets. Nevertheless, simply because someone is only an officer and not a stockholder does not mean that he automatically has no assets related to that corporation.

█ Furthermore, "it makes no difference that [the debtor] does not intend to injure his creditors when he makes a false statement. Creditors are entitled to judge for themselves what will benefit, and what will prejudice them." *In re Chalik*, 748 F.2d at 618 (citing *Morris Plan Indus. Bank v. Finn*, 149 F.2d 591, 592 (2d Cir. 1945)). A defendant cannot circumvent an allegation of false oath by claiming that the omitted information involved a worthless business or holding. See *In re Nipper*, 186 B.R. 284, 289 (Bankr.M.D.Fla.

1995).[6] Nor is it the job of the debtor to determine which of the questions are relevant or material. *See In re Sofro,* 110 B.R. 989 (Bankr.S.D.Fla.1990); *In re Wines,* 114 B.R. 794 (Bankr.S.D.Fla.1990). Therefore, the bankruptcy court was justified in finding that the omission indeed was material.

For the foregoing reasons, this Court finds that the bankruptcy court did not err in its finding of fact nor in its application of the law.

Accordingly, it is **ORDERED** and **ADJUDGED** that:

(1) The bankruptcy court's order denying Appellant's discharge is **AFFIRMED;** and

(2) The Clerk is directed to close this case.

---

**6.** Appellant attempts to distinguish *In re Nipper* on the fact that the debtor in that case omitted the name of a corporation that was defunct, but in which the debtor was the sole shareholder. This attempt is unpersuasive because *In re Nipper* stands for the proposition that one must reveal business dealings even if the underlying association provides no assets available to creditors. The fact that the debtor was a shareholder was no more significant than if he had only been an officer. If one can be found guilty of a false oath for not revealing defunct associations regardless of the type of affiliation, surely one can be guilty of a false oath for omitting an association with possible assets, even if the association is only as an officer.