**In Re: Kenneth/Lynn MCVAY, Debtor(s)**

**Patricia A. Kovacs, Trustee Plaintiff(s)**

**v.**

**Kenneth McVay, et al. Defendant(s).**

**No. 06–3208.**

United States Bankruptcy Court, N.D. Ohio.

July 11, 2006.

Ryan C. Schrader, Toledo, OH, for debtors.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court after a trial on the Plaintiff's Complaint to Deny Discharge. At issue in the Trial was the applicability of three provisions of 11 U.S.C. §§ 727(a): (2), (4) and (5). Both the Trustee and the Debtors submitted to the Court for review evidence and arguments in support of their respective positions on this matter. After considering this evidence and the arguments raised by the Parties, this Court finds that the Trustee's complaint to deny discharge is not supported by the weight of the evidence.

### FACTS

The Debtor, Mr. McVay, was severely injured in 2002, during the course of his employment. This gave rise to a workers' compensation claim. On July 19, 2005, Mr. McVay signed an authorization to receive a workers' compensation lump-sum settlement of $109,000 (after attorney's fees).

On October 13, 2005, the McVays (herein after referred to as "Debtors") filed for bankruptcy under Chapter 7. Attorney Patricia A. Kovacs was appointed the Trustee in the case. Though Mr. McVay had just signed the workers' compensation settlement, the Debtors did not disclose the settlement as an asset in their original bankruptcy petition. They did, however, disclose other exempt property. As an explanation for the omission of the workers' compensation settlement, the Debtors testified they failed to disclose the settlement because an attorney consulted a year

after Mr. McVay's injury told them such settlements were exempt from administration by the trustee.

The Trustee learned of the workers' compensation settlement at the first meeting of creditors. When asked about the workers' compensation claim during the meeting, the evidence revealed that the Debtors readily answered the Trustee's inquires. On January 26, 2005, the Debtors filed amendments to schedules B and C of their petition, so as to disclose the settlement and claim an exemption therein. In response, the Trustee, alleging fraud and bad faith in the initial nondisclosure, filed two related matters: a Motion to Strike Amended Schedules B and C; and an Objection to Debtors' Claim of Exemptions on February 1, 2006.

After conducting an evidentiary hearing on the matter, this Court issued a decision, finding no fraud or bad faith in the Debtors' failure to disclose the workers' compensation settlement. As a result, the Court allowed the Debtors to maintain their exemption in the settlement; but the Court also found the Trustee justified in bringing the matter because it was such a close call, and ordered the Debtors to pay the fees the Trustee incurred in bringing her motions.

The Trustee thereafter commenced this proceeding to deny discharge under §§ 727(a)(2), (4) and (5). At the Trial held in this matter, like at the previous evidentiary hearing, many similar matters were brought to the attention of the Court. These included the fact that the funds from the workers' compensation settlement had been dissipated and no meaningful attempt was made to pay the Debtors' unsecured prepetition debt. In addition, like before, the Debtors provided a list of the nonessential items purchased with the settlement, which included two horses and two cars. (Doc. No. 17). In response to

questions about why the settlement was not disclosed but instead dissipated, Mr. McVay testified in much the same way he did before, this time stating that he "thought the money was just for me."

## DISCUSSION

 The Trustee's complaint to deny discharge is brought under 11 U.S.C. §§ 727(a)(2),(4) and (5). The relevant parts of these provisions provide:

11 U.S.C. § 727. Discharge

(a) The court shall grant the debtor a discharge, unless-

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed-

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

(4) the debtor knowingly and fraudulently, in or in connection with the case-

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]

Determinations concerning the denial of discharge are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(J). Thus, this case is a core proceeding.

 "The purpose of the Code is to provide [an] equitable distribution of the debtor's assets to the creditors and to 'relieve the honest debtor from the weight of oppressive indebtedness' and permit

him to start afresh..." *Village of San Jose v. McWilliams,* 284 F.3d 785, 790 (2002), *citing Williams v. United States Fidelity and Guaranty Co.,* 236 U.S. 549, 554, 35 S.Ct. 289, 59 L.Ed. 713 (1915). However, "bankruptcy is a privilege and not a right," and debtors who are less than honest are not entitled to receive the protection and benefit of the Bankruptcy Code. *Baker v. Reed (In re Reed),* 310 B.R. 363, 367 (Bankr.N.D.Ohio). Thus, the Code has limited the less than honest debtor's ability to receive a discharge. § 727. The Trustee's complaint to deny discharge relies on two of those Code sections which implement this policy: §§ 727(a)(2) and (a)(4). These in turn are the starting point of this analysis.

■ Although paragraphs (a)(2) and (a)(4) are independent sources to deny a debtor's discharge, their applicability in many instances will overlap in that they both contain the basic requirement of scienter which is the specific intent to deceive or defraud.[1] Additionally, for purposes of these provisions, a reckless disregard for the truth is the equivalent of fraudulent intent. *Amidei,* 150 B.R. at 825, *citing Bank of India v. Sapru,* 127 B.R. 306 (Bankr.E.D.N.Y.1991). Without this mal-intent, there has been no violation of either §§ 727(a)(2) or (4). *C & H Electrical v. Newell,* 321 B.R. 885 (Bankr. N.D.Ohio 2005).

■ As paragraphs (a)(2) and (a)(4) require scienter, the type of fraud contemplated is actual and not constructive.... *Village,* 284 F.3d at 790. While it is difficult to prove actual intent, an inference of its existence "may be proved from circumstantial evidence or inferred by the court when the debtor fails to disclose assets in his Statement of Assets and Liabilities and/or has given false answers in his Statement of Financial affairs." *Amidei v. Metz (In re Metz),* 150 B.R. 821, 824 (Bankr.M.D.Fla.1993), *citing Dulbina of America v. Sklarin (In re Sklarin),* 69 B.R. 949 (Bankr.S.D.Fla.1987).

■ However in must be noted that, "[i]t is not the purpose of section § 727 [ (a)(2) or (a)(4) ] to deny a discharge to a debtor merely because information is missing or inaccurate. The information must have been omitted or altered with the specific purpose of working a fraud." *Kaler v. McLaren,* 236 B.R. 882, 893 (Bankr.D.N.D. 1999), *citing Seablom v. Seablom,* 45 B.R. 445 (Bankr.D.N.D.1984). In this way, the Bankruptcy Rules recognize mistakes may occur when petitions are filed and allows the debtors to amend their petitions. Bankruptcy Rule 1009. *In re Pier* 310 B.R. 347 (Bankr.N.D.Ohio 2004). But, courts will not allow a debtor to amend a petition to cure fraud if they were previously dishonest or if he purposely omitted property or assets in his earlier petition. *Id.*

■ The Trustee argued that the failure of the Debtors to disclose their workers' compensation settlement justifies applying §§ 727(a)(2) and (4). In furtherance of her position, the Trustee pointed to the fact that the Debtors knew about the settlement on July 19, 2005, but still failed to list it on their bankruptcy petition when they filed on October 13, 2005. She also argued that this was not a mistake due to ignorance, but instead a deliberate attempt to conceal the settlement. During the Trial, the Trustee repeatedly sought to show that the Debtors were not ignorant with

---

1. Scienter: "A mental state consisting in an intent to deceive, manipulate, or defraud." BLACK'S LAW DICTIONARY 1373 (8th ed.1999).

respect to their actions. For example, she pointed out that the Debtors were able to correctly process the needed paperwork for their workers' compensation settlement.

Although not in the context of paragraphs (a)(2) or (a)(4), the issue of scienter and fraud regarding the Debtors' failure to list the workers' compensation claim was previously addressed, by this Court, in the context of the Trustee's Motion to Strike Amended Schedules B and C and an Objection to Debtors' Claim of Exemptions. In *re McVay*, 345 B.R. 846 (Bankr. N.D.Ohio 2006). In denying the Trustee's request for relief, the Court made these findings: first, the Court found the fact that the Debtors failed to disclose the workers' compensation settlement but listed other exempted items troubling. *Id.* Secondly, this Court questioned why the Debtors saw fit to dissipate the majority of the funds they received from the settlement without consulting a lawyer, especially since a significant amount was spent on questionable items such as two horses and two cars. *Id.*

However, this Court also found strong mitigating factors. First, after considering matters such as the Debtors' cognitive ability and education, this Court found that both of the Debtors appear to have lacked understanding as to how the bankruptcy process worked. *Id.* Additionally, this Court found two factors inconsistent with the intend to defraud: (1) the Debtors readily disclosed the workers' compensation settlement in the 341 hearing; and (2) the Debtors disclosed that they received income from a workers' compensation claim in their original petition. *Id.* Lastly, the Court noted the Debtors correctly understood that the workers' compensation settlement would be exempt so they had nothing to gain by concealing the asset. *Id.* After weighing these competing fac-

tors, this Court stated, "it appears more likely than not that the Debtors' failure to list as an asset Mr. McVay's workers' compensation claim was not done in bad faith or otherwise with the intent to conceal its existence." *Id.* at 8. This Court sees no reason why these findings and the conclusion drawn therefrom would not equally apply in this case.

As just discussed in detail, given the close identity of both the legal and factual issues raised in the respective actions brought by the Trustee against the Debtors, it would appear that the above findings are entitled to preclusive effect. The doctrine of issue preclusion provides "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *San Remo Hotel, L.P. v. City and County of San Francisco*, 545 U.S. 323, 332, 125 S.Ct. 2491, 162 L.Ed.2d 315 (2005).

Secondly, even if the prior findings are not technically res judicata, the Trustee has not offered any additional evidence of substance which would compel the Court to reverse its prior findings. As already explained, the evidence presented at trial was substantially similar to the evidence offered in the previous hearing. Accordingly, for these reasons, this Court finds the Trustee has not met her burden under paragraphs (a)(2) and (a)(4). The Court now turns to address the Trustee's action predicated on § 727(a)(5).

Section 727(a)(5) generally provides that a debtor must explain any loss or deficiency of assets to meet their liabilities. This section is derived from competing concerns: (1) the trustee and creditors' right to question the debtor about their financial affairs; and (2) the knowledge that debtors will not always be

completely forthcoming with information about their financial activities. *Baker,* 310 B.R. at 368. Section 727(a)(5) seeks to address these competing concerns by conditioning discharge on a debtor satisfactorily explaining any prepetition diminution or loss of asset. In order to achieve this, paragraph (a)(5) requires debtors to disclose all vital information; there is no requirement of mal-intent or scienter. *Id.* In addition, it does not matter under § 727(a)(5) how the loss or deficiency occurred. *Id.* For example, money spent on illegal activities does not run afoul of § 727(a)(5). *Id.* Section 727(a)(5) is simply concerned with the adequacy of the debtor's explanation. *Id.*

The structure of § 727(a)(5) has a "shifting burden." *Baker,* 310 B.R. at 369. "First the moving party... has the initial burden to come forward with evidence which would tend to establish that a cause of action exists under § 727(a)(5)." *Id.* Second, once the moving party has established the loss of a prepetition asset, the debtor is required to satisfactorily explain the loss. *Id.* Like other provisions governing the denial of discharge, paragraph (a)(5) places the overall burden of establishing applicability on the moving party. *Id.,* BANKR. R.4005. In this determination, the evidentiary standard is a preponderance of evidence. *Barclays/American Business Credit v. Adams,* 31 F.3d 389 (6th Cir.1994).

In regards to the initial burden, there are two conditions needed for a creditor or trustee to show a loss or deficiency of a prepetition asset. "(1) the debtor had a cognizable ownership interest in specific funds(s) or identifiable piece of property; and (2) that such an interest existed at a time not to far removed from when the petition was filed." *Baker,* 310 B.R. at 369.

In this case, the Trustee has established this burden. The Debtors received a cognizable fund: the workers' compensation settlement on July 19, 2005. Not long after, on October 13, 2005 the Debtors filed a bankruptcy petition and failed to list the settlement as an asset.

Once the moving party has established the loss of a prepetition asset, the debtor is required to satisfactorily explain the loss. § 727(a)(5). The standard for a § 727(a)(5) satisfactory explanation "is one that is reasonable under the circumstances" *Lacy Wholesale & Main Factors v. Bell (In re Bell),* 156 B.R. 604, 605 (Bankr.E.D.Ark.1993). "An important component in ascertaining the reasonableness of any explanation is its capacity for verification; that is, is the explanation sufficient to enable either the trustee or a creditor to properly investigate the circumstances surrounding the loss or deficiency." *Baker,* 310 B.R. at 370.

The schedules set forth by the Debtors show a monthly income of $720 and expenses of $2,027. It is clear from the beginning that the Debtors live outside their monetary means and is not surprising that they spent the $109,000. They made many purchases which seem to be extraneous to the needs of family going through financial difficulties such as horses and new cars. However, this does not weigh in this Court's consideration, because as explained earlier under § 727(a)(5) the Court does not look to the legality or reasonableness of the purchases. The Debtors just need to provide a satisfactory explanation. At Trial, the Debtors once again presented a detailed list of their expenditures. The Debtors' have accounted for nearly all the expenditures. Although, some supporting documentation is lacking this Court does not find the missing documentation unreasonable under the circumstances as many of

the documents involve day to day living expenditures for which many people do not keep records. As a result, this Court finds the Debtors explanation satisfactory.

In summation, the Court cannot find that the Debtors committed any fraud under §§ 727(a)(2) or (a)(4). The Court also finds that the Debtors satisfactorily explained the loss or deficiency of assets under § 727(a)(5). Thus, this Court finds the Trustee has not met her burden under § 727(a)(2), (a)(4) or (a)(5). In reaching the conclusions found herein, the Court has considered all the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the Trustee's complaint to deny discharge is Dismissed.